# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DISTRICT

| | | |
|---|---|---|
| PENNSYLVANIA CHIROPRACTIC ASSOCIATION, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:09-cv-05619 |
| v. | ) ) ) | Hon. Matthew F. Kennelly Magistrate Judge Arlander Keys |
| BLUE CROSS BLUE SHIELD ASSOCIATION, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT BLUE CROSS AND BLUE SHIELD OF FLORIDA'S MOTION
TO DISMISS COUNT VI OF PLAINTIFFS' FIRST AMENDED COMPLAINT
<u>AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT</u>**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Blue Cross and Blue Shield of Florida ("BCBSF") respectfully moves to dismiss Count VI of Plaintiffs' First Amended Complaint. In Count VI, Plaintiff Peri Dwyer ("Dwyer") alleges that certain BCBSF policies violate Title XXXVII, Chapter 627.419(4), Florida Statutes, which is part of the Florida Insurance Code. Dwyer's claim, however, fails as a matter of law for two reasons: (1) § 627.419 does not provide for a private right of action; and (2) § 627.419(4) applies only to licensed "physicians," and chiropractors like Dwyer are not considered licensed "physicians" for purposes of the statute. As such, Count VI should be dismissed with prejudice.

## FACTUAL ALLEGATIONS

According to the Complaint, Dwyer is a licensed chiropractor in Florida, and one of BCBSF's participating providers ("par providers"). (Compl. ¶ 49.) Dwyer became a par provider by entering into a Participating Provider Agreement with BCBSF. (*Id*. ¶ 4.) As a par provider, Dwyer contractually agreed to provide services to BCBSF insureds, and BCBSF agreed to reimburse Dwyer for "covered services." (*Id*. ¶¶ 4, 14-15.)

In 2008, BCBSF revised its reimbursement procedures by altering which services were considered "covered services." (*Id*. ¶¶ 479-480.) Under the new procedures, BCBSF agreed to provide reimbursement for a maximum of 26 spinal manipulations per patient per calendar year. (*Id*. ¶ 479.) Moreover, for each day that a patient received a manipulation, BCBSF agreed to reimburse for no more than one 15-minute modality. (*Id*. ¶ 480.) These changes allegedly reduced the amount that BCBSF was obligated to reimburse par providers for spinal manipulations and modalities. (*See id*. ¶ 482.)

Unhappy with the changes to BCBSF reimbursement procedures, Dwyer filed suit on behalf of herself and on behalf of the Florida Chiropractic Discrimination Class.[1] (*Id*. ¶ 493.) Dwyer alleges BCBSF's new reimbursement procedures target the usual and customary treatment procedures of chiropractors and that the procedures, thus, unfairly discriminate against chiropractors. (*Id*.) Dwyer brings her suit under § 627.419 of the Florida Statutes, which regulates the construction of insurance policies and is part of the Florida Insurance Code. (*Id*. ¶ 484.) Section 627.419 provides:

> Any limitation or condition placed upon payment to, or upon services, diagnosis, or treatment by, any licensed physician shall apply equally to all licensed physicians without unfair discrimination to the usual and customary treatment procedures of any class of physicians.

Fla. Stat. § 627.419(4) (2009).

## ARGUMENT

A Rule 12(b)(6) motion challenges the sufficiency of the complaint and should be granted whenever the complaint fails to allege facts that would entitle the plaintiff to relief. *Cler v. Ill. Educ. Ass'n*, 423 F.3d 726, 729 (7th Cir. 2005); *Szumny v. American Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001). A complaint can survive a 12(b)(6) motion to dismiss only if it includes allegations that plausibly suggest that the plaintiff has a right to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). If the complaint fails to do this, then the plaintiff has effectively pleaded herself out of court. *Id*.

---

[1] The "Florida Chiropractic Discrimination Class," as amended by the Agreed Stipulation of Dismissal of Certain Claims, is defined as: "All chiropractic physicians who, from five years prior to the filing date of this action to its final termination…provided health care services to patients insured under ERISA health care plans that are insured or administered by BCBS Entities and who, after having treated patients for more than 26 visits, were denied payment or who, after having provided more than one physical therapy modality on the same date as chiropractic manipulation, were denied reimbursement based on a determination that the services were not Covered Services." (Compl. ¶ 493; D.E. 124 at ¶¶ 4, 5.)

No set of facts in the Complaint could entitle Dwyer to relief under § 627.419. First, § 627.419 does not create a private right of action; as such, Dwyer cannot properly maintain an action under § 627.419. Second, even if it were to create a private right of action, § 627.419 applies only to licensed "physicians" and not to chiropractors like Plaintiff Dwyer.

**I.      Section 627.419 Does Not Create A Private Right Of Action.**

Section 627.419 does not create a private right of action. Dwyer accuses BCBSF of unfairly discriminating against chiropractors by adopting policies that unfairly limit payments for procedures that are "usual and customary" among chiropractors. However, § 627.419 does not create a private right of action. Significantly, the Eleventh Circuit, the only Circuit to have addressed whether § 627.419 creates a private right of action, definitively concluded in *Swerhun v. Guardian Life Insurance Company*, 979 F.2d 195 (11th Cir. 1992), that it does not. The Court ruled that "[s]ection 627.419's plain language does not establish a private right of action," and refused to read a private right of action into § 627.419, explaining that it was "reluctan[t] to read private rights of action in state laws where state courts and state legislatures have not done so." *Id*. at 198 (internal quotations omitted). Like the Eleventh Circuit, this Court should recognize that § 627.419 does not create a private right of action and therefore Count VI should be dismissed.

**II.     Section 627.419 Applies Only to Licensed "Physicians," Not to Chiropractors.**

Even if § 627.419 were to create a private right of action, Count VI should be dismissed for the additional reason that § 627.419 applies only to licensed "physicians," rather than to chiropractors. Dwyer alleges that BCBSF's adoption of policies that allegedly limit payment for treatment procedures that are usual and customary to chiropractors constitutes a violation of § 627.419. Yet, the statute provides, in relevant part, that:

> Any limitation or condition placed upon payment to, or upon services, diagnosis, or treatment by, any licensed <u>physician</u> shall apply equally to all

>licensed <u>physicians</u> without unfair discrimination to the usual and customary treatment procedures of any class of <u>physicians</u>.

Fla. Stat. § 627.419(4) (2009) (emphasis added). The relevant portions of § 627.419 make no reference to chiropractors and instead speak only of licensed "physicians." As such, the applicability of section 627.419 turns on the interpretation of the word "physician."

Section 627.419 does not define "physician." However, sister sections of the statute make clear that "physician" does not include chiropractors. For example, §§ 627.351 and 627.4148 both refer to "physician" as a person that is licensed under chapter 458 of the Florida Statutes. *See* Fla. Stat. § 627.351(h)(1) (2009) (defining the term "[h]ealth care provider" as including "physicians licensed under chapter 458"); Fla. Stat. § 627.4148 (2009) (referring to "physicians licensed under chapter 458"). Chapter 458 governs the licensing of physicians, and it defines "physician" to mean "a person who is licensed to practice medicine in this state." Fla. Stat. § 458.305 (2009). Significantly, <u>chapter 458 does not apply to chiropractors</u>. *See id*. Rather, chapter 460 – a chapter altogether separate and apart from chapter 458 – governs the licensing and conduct of chiropractors. *See* Fla. Stat. § 460 (2009). That is, the relevant portions of the Florida Statues treat chiropractors differently than "physicians." *Compare* Fla. Stat. § 458 (2009) *with* Fla. Stat. § 460 (2009).

Because section 627.419's plain language applies only to licensed "physicians," it should not be read to encompass chiropractors. By her own allegations, Dwyer is a chiropractor and not a physician licensed to practice medicine in Florida. Therefore Count VI fails.

## **CONCLUSION**

For the foregoing reasons, Count VI of the Complaint should be dismissed with prejudice.

| | |
|---|---|
| Date: December 31, 2009 | Respectfully submitted,<br><br>BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC.<br><br>/s/ Michael A. Pope<br>Michael A. Pope, Esq. (#2231464)<br>Christopher M. Murphy, Esq.<br>Marie Ann Halpin, Esq.<br>**McDermott, Will & Emery LLP**<br>227 West Monroe Street, #4400<br>Chicago, IL 60606<br>Telephone: (312) 372-2000<br>mpope@mwe.com<br>cmurphy@mwe.com<br>mhalpin@mwe.com<br><br>***Attorneys for Blue Cross and Blue Shield of Florida, Inc.*** |

## CERTIFICATE OF SERVICE

      I, Marie A. Halpin, an attorney, hereby certify that on December 31, 2009, I electronically filed the **Defendant Blue Cross and Blue Shield of Florida's Motion to Dismiss Count VI of Plaintiffs' First Amended Complaint and Incorporated Memorandum of Law in Support** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties listed on the electronic service list. A true and correct copy of the foregoing was also served by Federal Express upon counsel for Blue Cross and Blue Shield of Michigan whose *pro hac vice* admission before the court is currently pending at the following addresses:

>Joseph A. Fink
>**Dickinson Wright, PLLC**
>Suite 200
>215 South Washington Square
>Lansing, Michigan, 48933
>
>John E. Anderson, Sr.
>**Dickinson Wright, PLLC**
>Suite 1401
>424 Church Street
>Nashville, Tennessee, 37919

                                                             */s/ Marie A. Halpin*