**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

PENNSYLVANIA CHIROPRACTIC ASSOCIATION,　)
NEW YORK CHIROPRACTIC COUNCIL, ASSOCIATION　)
OF NEW JERSEY CHIROPRACTORS, FLORIDA　)
CHIROPRACTIC ASSOCIATION and CALIFORNIA　)
CHIROPRACTIC ASSOCIATION, on their own behalf and　)
in a representational capacity on behalf of their members, and　)
GREGORY T. KUHLMAN, D.C, JAY KORSEN, D.C., IAN　)
BARLOW, KENDALL GEARHART, D.C., JEFFREY P.　)
LERI, D.C., MICHELLE M. ASKAR, D.C., MARK　)   Case No.: 1:09-cv-05619
BARNARD, D.C., BARRY A. WAHNER, D.C.,　)
ANTHONY FAVA, D.C., DAVID R. BARBER, D.C.,　)   Hon. Matthew F.
RYAN S. FORD, D.C., LARRY MIGGINS, D.C., CASEY　)   Kennelly
PAULSEN, D.C., DEAN RENNEKE, D.C., ANDREW　)   Magistrate Judge
RENO, D.C., PERI L. DWYER, D.C. RONALD L.　)   Arlander Keys
YOUNG, D.C., and ERIC THOMPSON, D.C., on their own　)
behalf and on behalf of all others similarly situated,　)
　　　　　Plaintiffs,　)
　)
　)
　　　　v.　)
　)
　)
BLUE CROSS AND BLUE SHIELD ASSOCIATION,　)
BLUE CROSS AND BLUE SHIELD OF RHODE ISLAND,　)
BLUE CROSS AND BLUE SHIELD OF ALABAMA,　)   **Defendants'**
ARKANSAS BLUE CROSS AND BLUE SHIELD, BLUE　)   **Memorandum Of Law**
SHIELD OF CALIFORNIA, BLUE CROSS AND BLUE　)   **In Support Of Their**
SHIELD OF FLORIDA, BLUE CROSS AND BLUE　)   **Consolidated Motion**
SHIELD OF GEORGIA, HEALTH CARE SERVICES　)   **To Dismiss Plaintiffs'**
CORPORATION, INDEPENDENCE BLUE CROSS, BLUE　)   **Claims Under ERISA**
CROSS AND BLUE SHIELD OF KANSAS, CAREFIRST,　)
INC., BLUE CROSS AND BLUE SHIELD OF　)
MASSACHUSETTS, BLUE CROSS AND BLUE SHIELD　)
OF MICHIGAN, BLUE CROSS AND BLUE SHIELD OF　)
MINNESOTA, BLUE CROSS AND BLUE SHIELD OF　)
KANSAS CITY, HORIZON BLUE CROSS AND BLUE　)
SHIELD OF NEW JERSEY, EXCELLUS BLUE CROSS　)
AND BLUE SHIELD, BLUE CROSS AND BLUE SHIELD　)
OF NORTH CAROLINA, HIGHMARK, INC., BLUE　)
CROSS AND BLUE SHIELD OF SOUTH CAROLINA,　)
BLUE CROSS AND BLUE SHIELD OF TENNESSEE,　)
PREMERA BLUE CROSS, THE REGENCE GROUP,　)
WELLMARK, INC., and WELLPOINT, INC.,　)
　　　　Defendants.

## **TABLE OF CONTENTS**

Page

FACTUAL BACKGROUND ........................................................................................3

ARGUMENT .............................................................................................................5

I.    Grounds For Dismissal Applicable To All Blue Defendants. .......................5

      A.    Count I Should Be Dismissed Because (i) The Blue Defendants Are Not The Proper Defendants, (ii) Plaintiffs Have Failed To Allege A Violation Of Any ERISA Plan, and (iii) Plaintiffs Have Not Exhausted Available Administrative Remedies Or Demonstrated That Exhaustion Would Be Futile. ...........................5

            1.    The Blue Defendants Are Not Proper Defendants In An Action For Plan Benefits Under Section 502(a)(1)(B). ...................5

            2.    Plaintiffs Have Failed To State A Claim Under Section 502(a)(1)(B) By Failing To Allege Any Facts Showing That The Terms Of Any ERISA Plan Were Violated. ..........................6

            3.    Plaintiffs Have Neither Exhausted Available Administrative Remedies Nor Demonstrated That Exhaustion Would Be Futile. ............................................8

      B.    Count II Should Be Dismissed Because (i) The Relief Plaintiffs Seek Is Only Available Under Section 502(a)(1)(B) And (ii) Plaintiffs Seek A Remedy Not Available Under Section 502(a)(3). ..............11

      C.    Count VII Should Be Dismissed Because It (i) Is Duplicative Of Count I And (ii) Is A Request For A Remedy And Does Not State An Independent Cause Of Action. ...................................13

II.    Additional Grounds For Dismissal Applicable To Specific Blue Defendants. ...........................................................................................13

      A.    The Court Lacks Subject Matter Jurisdiction Over Plaintiffs' ERISA Claims To The Extent That The Assignments Are Not Allowed Under The Applicable ERISA Plan. .................................13

      B.    ERISA Claims Against Thirteen Blue Defendants Should Be Dismissed Because Plaintiffs Have Not Made Any Factual Allegations Against Those Defendants. .........................................15

            1.    Plaintiffs Make No Substantive Allegations Against Six Blue Defendants. ...................................................16

2.      Plaintiffs Make No Actionable Allegations Against Five
Other Blue Defendants...........................................................................16

3.      Plaintiffs Allegations Against Blue Cross And Blue Shield
Of Michigan ("BCBCMI") And Blue Cross And Blue
Shield Of Alabama ("BCBSAL") Do Not Support Claim
For Relief. ..............................................................................................17

C.      The Court Should Dismiss The ERISA Claims Against Seventeen
Blue Defendants Because Plaintiffs Have Failed To Allege
Exhaustion Of Remedies. ...................................................................................18

1.      Plaintiffs Do Not Allege Any Attempts To Exhaust
Administrative Remedies Under ERISA Plans
Administered By Thirteen Of The Blue Defendants. ...........................18

2.      The ERISA Claims Of Drs. Fava, Barber, Ford, Miggins,
Renneke, And Paulsen Should Be Dismissed For Failure
To Plead Facts Evidencing Futility.......................................................18

CONCLUSION..............................................................................................................................19

## TABLE OF AUTHORITIES

CASES

*Ames v. Am. Nat. Can Co.*,
    170 F. 3d 751 (7th Cir. 1999) ........................................................................................9

*Ashcroft v. Iqbal*,
    --- U.S. ---, 129 S.Ct. 1937 (2009)................................................................................7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)........................................................................................................7

*Bingham v. CNA Fin. Corp.*,
    No. 04 C 2581, 2004 WL 2390093 (N.D. Ill. Oct. 25, 2004)................................18

*Blickenstaff v. R.R. Donnelley & Sons Co. Short Term Disability Plan*,
    378 F.3d 669 (7th Cir. 2004) ........................................................................................6

*Brosted v. Unum Life Ins. Co. of Am.*,
    349 F. Supp. 2d 1088 (N.D. Ill. 2004) ......................................................................11

*Chicago United Indus., Ltd. v. Chicago*,
    No. 05 C 5011, 2007 WL 4277431 (N.D. Ill. Dec. 3, 2007) .................................13

*Clark v. Hewitt Assocs., LLC*,
    294 F. Supp. 2d 946 (N.D. Ill. 2003) ........................................................................11

*Curran v. FedEx Ground Package Sys., Inc.*,
    593 F. Supp. 2d 341 (D. Mass. 2009) ........................................................................7

*Eidmann ex rel. Estate of Eidmann v. Unum Life Ins. Co. of Am.*,
    No. 05 C 2183, 2005 WL 2304801 (N.D. Ill. Sept. 20, 2005)................................6

*Gallegos v. Mt. Sinai Medical Ctr.*,
    210 F.3d 803 (7th Cir. 2000) ........................................................................................9

*Hackner v. Long Term Disability Plan for Employees of the Havi Group LP*,
    No. 03-1037, 81 Fed.Appx. 589, 2003 WL 22766067
    (7th Cir. Nov. 17, 2003).................................................................................................6

*Hakim v. Accenture U.S. Pension Plan*,
    No.08-3682, 2009 WL 2916842 (N.D. Ill. Sept. 3, 2009) ....................................11

*Home Nutritional Servs., Inc. v. Blue Cross and Blue Shield of Massachusetts, Inc.*,
    Nos. 93-10211-Z, 93-10658-Z, 1993 U.S. Dist. LEXIS 12240 (D. Mass. Aug. 24,
    1993) .................................................................................................................................14

*Hupp v. Experian Corp.*,
  108 F. Supp. 2d 1008 (N.D. Ill. 2000) ................................................................6

*In re Managed Care Litig.*,
  No. 00-1334-MD, 2009 WL 742678 (S.D. Fla. Mar. 20, 2009)..........................7-8

*Island View Residential Treatment Ctr., Inc. v. BlueCross
BlueShield Of Massachusetts, Inc.*,
  No. 07-10581-DPW, 2007 U.S. Dist. LEXIS 94901 (D. Mass. Dec. 28, 2007) ..................14

*Jacobs v. Xerox Corp. Long Term Disability Income Plan*,
  520 F. Supp. 2d 1022 (N.D. Ill. 2007) ................................................................6

*Jon N. v. Blue Cross Blue Shield of Massachusetts, Inc.*,
  No.7-137 (DAK), 2008 U.S. Dist. LEXIS 35464 (N.D. Utah Apr. 29, 2008) ..................14

*Kennedy v. Conn. Gen. Life Ins. Co.*,
  924 F.2d 698 (7th Cir. 1991) ...............................................................13-14

*Klay v. Humana, Inc.*,
  382 F.3d 1241 (11th Cir. 2004) .............................................................1

*Korotynska v. Met. Life Ins. Co.*,
  474 F.3d 101 (4th Cir. 2006) ...............................................................12

*Matuszak v. Anesi, Ozmon, Rodin, Novak & Kohen Ltd. Long Term Disability Plan*,
  No. 04 C 4152, 2004 WL 2452733 (N.D. Ill. Nov. 1, 2004) ...............................6

*Med. Alliances, LLC v. Am. Med. Sec.*,
  144 F. Supp 2d 979 (N.D. Ill. 2001) ...............................................9, 18

*Moffat v. Unicare Health Ins. Co.*,
  352 F. Supp. 2d 873 (N.D. Ill. 2005) ...............................................6

*Moffat v. Unicare Midwest Plan Group 314541*, No. 04 C 5685, 2005 WL 1766372 (N.D.
  Ill. July 25, 2005)...................................................................11

*Mondry v. Am. Family Mut. Ins. Co.*,
  557 F.3d 781 (7th Cir. 2009) .............................................................6

*Mote v. Aetna Life Ins. Co.*,
  502 F.3d 601 (7th Cir. 2007) .............................................................6

*Neuma, Inc. v. AMP, Inc.*,
  259 F.3d 864 (7th Cir. 2001) .............................................................5

*Noah v. Enesco Corp.*,
  911 F. Supp. 305 (N.D. Ill. 1995) .......................................................13

*Parkside Lutheran Hosp. v. R.J. Zeltner & Assocs., Inc. ERISA Plan*,
    788 F. Supp. 1002 (N.D. Ill. 1992) ........................................................................14

*Pisek v. Kindred Healthcare, Inc. Disability Ins. Plan*,
    633 F. Supp. 2d 659 (S.D. Ind. 2007) .....................................................................6

*Rice ex rel. Rice v. Humana Ins. Co.*,
    No. 07-C-1715, 2007 WL 1655285 (N.D. Ill. Jun. 4, 2007) .....................................11

*Richardson v. Astellas U.S. LLC Employee Benefit Plan and Life Ins. Co. of N. Am.*,
    610 F. Supp. 2d 947 (N.D. Ill 2009) ......................................................................18

*St. Joseph's Hosp. of Marshfield, Inc. v. Carl Klemm, Inc.*,
    459 F.Supp. 2d 824 (W.D. Wis. 2006) ...................................................................12

*Tackett v. M & G Polymers, USA, LLC*,
    561 F.3d 478 (6th Cir. 2009) .................................................................................12

*United Phosphorus Ltd. v. Angus Chem. Co.*,
    322 F.3d 942 (7th Cir. 2003) .................................................................................15

*Varity Corp. v. Howe*,
    516 U.S. 489 (1996) ........................................................................................11, 13

*Witowski v. Tetra Tech Inc.*,
    38 F. Supp. 2d 640 (N.D. Ill. 1998) .........................................................................6

*Zhou v. Guardian Life Ins. Co. of Am.*,
    295 F.3d 677 (7th Cir. 2002) .......................................................................*passim*

## STATUTES

29 U.S.C. § 1002(16)(A)(i) ..............................................................................................6

29 U.S.C. § 1132(a) .......................................................................................................4

29 U.S.C. § 1132(a)(1)(B) .....................................................................................*passim*

29 U.S.C. §1133 ...................................................................................................*passim*

## REGULATIONS AND RULES

29 C.F.R. § 2560.503-1(b), Q-B2 .....................................................................................8

Fed. R. Civ. P. Rule 12(b)(1) ..........................................................................................15

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR CONSOLIDATED MOTION TO DISMISS PLAINTIFFS' CLAIMS UNDER ERISA

This Memorandum of Law is submitted in support of Defendants' Consolidated Motion to Dismiss Plaintiffs' claims under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et. seq.* ("ERISA"), which are brought against all 24 independently owned and operated Blue Cross and/or Blue Shield Entity defendants ("Blue Defendants"), but not against the Blue Cross Blue Shield Association ("BCBSA").

Plaintiffs assert three ERISA claims: in Count I, they assert a claim for plan benefits and other relief under Section 502(a)(1)(B), (29 U.S.C. § 1132(a)(1)(B)); in Count II, they seek relief under Section 502(a)(3), (29 U.S.C. § 1132(a)(3)), based on an alleged "failure to provide full and fair review [of benefits claims] as required by ERISA;" and, in Count VII, they assert a claim for "equitable relief" from the Blue Defendants' alleged wrongful conduct with respect to the recoupment of "benefits payments."

Even though the validity and enforceability of each ERISA claim depends on the specific terms and conditions of the employer-sponsored health plan involved and the unique facts surrounding that particular claim, Plaintiffs never identify a single participant on whose behalf their claims are brought, a single employer-sponsored health plan involved, or a single plan provision that has been violated. Rather than alleging these basic and essential facts or suing the specific employer plans involved, Plaintiffs instead sue the Blue Defendants, bringing what are really payment for services contract claims under the guise of ERISA.[1]

---

[1] Except for Dr. Gearhart, each individual Plaintiff is a party to a separate Provider Agreement with one or more Blue Defendants that governs the Plaintiff's right to payments for services and provides alternative dispute mechanisms. Plaintiffs apparently brought their claims under ERISA, rather than their Provider Agreements, hoping to avoid class certification problems experienced by other healthcare providers who have brought class actions under their provider agreements. *See Klay v. Humana, Inc.*, 382 F.3d 1241, 1264 (11th Cir. 2004) (denying certification of providers' contract claim because "each doctor, for each alleged breach of contract (that is, each alleged underpayment), must prove the services he

Plaintiffs' substantive ERISA claims are deficient in several dispositive ways. The Blue Defendants collectively move to dismiss Counts I, II and VII on four separate grounds. Certain Blue Defendants, as explained in Section II, separately move to dismiss Plaintiffs' ERISA claims on additional grounds.

- Plaintiffs' Count I claims under Section 502(a)(1)(B) should be dismissed with respect to all of the Blue Defendants because (i) the Blue Defendants, as opposed to the ERISA plans involved, are not the proper defendants for these claims, (ii) Plaintiffs fail to state a plausible claim for relief against any specific ERISA plan, (iii) Plaintiffs failed to exhaust available administrative remedies as required under ERISA or demonstrate that pursuit of such remedies would be futile, and (iv) Plaintiffs' allegations with respect to the assignments they received are insufficient to support their claims.

- Plaintiffs' Count II claim seeking relief under Section 502(a)(3) should be dismissed with respect to all of the Blue Defendants because it is nothing more than a repackaged claim for benefits that may only be brought under Section 502(a)(1)(B).

- Plaintiffs' Count VII claim for "equitable relief" should be dismissed with respect to all Blue Defendants because it is nothing more than a repackaged claim for benefits that may only be brought under Section 502(a)(1)(B) and a request for relief, not an independent cause of action.

- Plaintiffs' ERISA claims against the Blue Defendants should be dismissed to the extent the claims relate to ERISA plans that expressly prohibit assignment.

- Plaintiffs' ERISA claims against thirteen Blue Defendants should be dismissed because Plaintiffs have not alleged any actionable facts against those defendants.

- Plaintiffs' ERISA claims against seventeen Blue Defendants should be dismissed for failure to allege any facts in support of either Plaintiffs' exhaustion of administrative remedies or the futility of such remedies as required under ERISA.

---

provided, the request for reimbursement he submitted, the amount to which he was entitled, the amount he actually received, and the insufficiency of the HMO's reasons for denying full payment. There are no common issues of fact that relieve each plaintiff of a substantial portion of this individual evidentiary burden."). Suing under ERISA plans, however, does not make class certification any more appropriate, as Plaintiffs still will have to prove the same facts to succeed on their claims, regardless of whether those claims are brought under state law or ERISA. In addition, the Court will be required to examine the unique terms of the various plan documents that purportedly give rise to each Plaintiff's claim.

## FACTUAL BACKGROUND

Plaintiffs are seventeen chiropractors and an occupational therapist. Compl. at ¶¶3, 34-51.[2] The Blue Defendants are 24 health insurance companies operating in 41 states and the District of Columbia that underwrite or administer health benefit plans governed under ERISA. *Id.* at ¶¶54, 78. Plaintiffs allege that the Blue Defendants violated the terms of the ERISA plans they insure or administer by recouping payments previously made on claims submitted by Plaintiffs. *Id.* at ¶¶2, 16-17. Plaintiffs bring their claims as alleged assignees of benefit claims of participants in ERISA plans. *See, id.* ¶¶7, 52, 85, 104, 163, 243, 257, 274, 285, 293, 301, 311, 320, 332, 354, 395, and 514. As alleged in the Complaint, all but one of the Plaintiffs are under contract with one of the Blue Defendants and are "participating providers" in that Blue Defendant's provider networks. *Id.* at ¶4.[3] Each Plaintiff's "participating provider agreement" governs his right to payment for services provided to patients enrolled in ERISA plans insured or administered by the Blue Defendants. *Id.* at ¶5. Generally, those provider agreements expressly authorize the Blue Defendants to offset – or "recoup" – any overpayments or erroneous payments from other payments due to a participating provider. Such "recoupment" provisions are important because they enable the Blue Defendants to process claims quickly.

The Blue Defendants receive millions of claims annually. Like all health insurers, the Blue Defendants require providers to submit claims using five-digit Current Procedure Terminology ("CPT") codes established by the American Medical Association. *See,* Compl. ¶88. In order to comply with state "prompt payment" laws, the claims are then processed

---

[2]    While five chiropractic associations are also named plaintiffs, these associational plaintiffs have no standing to sue on any of the claims in the Amended Complaint as explained in Defendants' Memorandum Of Law In Support Of Their Motion To Dismiss For Lack Of Standing, which was filed contemporaneously with this brief.

[3]    Dr. Miggins alleges that he is under contract with two Blue Defendants – Premera and Regence. Compl. at ¶4.

3

electronically.  This process assumes that the providers actually rendered the particular covered services indicated by the CPT codes that were submitted.  When a payment error is identified, any overpayment is subject to recoupment under the applicable provider agreement.[4]  If a participating provider believes such a recoupment is improper, his provider agreement specifies the proper procedures for resolving the dispute.[5]

Plaintiff's Complaint focuses on the Blue Defendants' recoupment efforts.  Yet, rather than resolving any disputes regarding those efforts under the procedures specified in their provider agreements, Plaintiffs bring this action under ERISA as purported assignees of their patients' ERISA-plan benefits.[6]  Although Plaintiffs contend that the recoupments at issue violate their respective patients' ERISA plans, they (a) fail to identify a single ERISA plan or plan provision that the Blue Defendants allegedly violated, (b) fail to acknowledge that the right of an ERISA plan to recoup overpayment of benefits is well established under the law, and (c) fail to acknowledge that the Blue Defendants' right of recoupment is expressly allowed by the applicable provider agreements.

As discussed below, with one exception, each of the Plaintiffs makes factual allegations relating to only one of the Blue Defendants, and the substance of each Plaintiff's allegations

---

[4]    The reasons why recoupment may be requested vary widely, but include, situations in which providers misrepresent the services rendered by using the wrong billing codes when requesting payment (*see* Compl. at ¶¶51, 118, 166-168, 334,380-381); the provider bills for services rendered to a patient when the patient's health insurance policy had been canceled (*see id*. at ¶ 294); or a detailed audit concluded that a provider's documentation was largely insufficient to support medical necessity for many of the services he billed (*see id*. at ¶¶321-323).  The total claims at issue for each chiropractor range from $319 (*see id*. at ¶294) to $412,951.93 (*see id*. at ¶115), with an approximate median of $4,783.

[5]    Many provider agreements include alternative dispute resolution procedures – including arbitration – intended to keep payment disputes like this one out of court.  *See* Defendants' Memorandum in Support of Their Motion to Compel Arbitration and to Stay the Proceedings Pending Arbitration, which was filed contemporaneously with this brief.

[6]    Plaintiffs do not have standing in their own right to sue under ERISA.  *See* 29 U.S.C. § 1132(a) (authorizing only plan participants, beneficiaries, fiduciaries, and the Secretary of Labor to file suit).

4

against each Blue Defendant varies widely.  Thus, although multiple grounds for dismissal are

applicable to the ERISA claims against all of the Blue Defendants, several Blue Defendants have

additional grounds for dismissal based on the particular factual allegations (or lack thereof) made

against them specifically.  This brief addresses the generally applicable grounds for dismissal in

Section I, and the defendant-specific grounds for dismissal in Section II.

## ARGUMENT

I.      **Grounds For Dismissal Applicable To All Blue Defendants.**

      A.      **Count I Should Be Dismissed Because (i) The Blue Defendants Are Not The Proper Defendants, (ii) Plaintiffs Have Failed To Allege A Violation Of Any ERISA Plan, and (iii) Plaintiffs Have Not Exhausted Available Administrative Remedies Or Demonstrated That Exhaustion Would Be Futile.**

            1.      **The Blue Defendants Are Not Proper Defendants In An Action For Plan Benefits Under Section 502(a)(1)(B).**

Section 502(a)(1)(B) authorizes a participant or beneficiary to bring an action against an

ERISA plan "to recover benefits due to him under the terms of his plan, to enforce his rights

under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

29 U.S.C. § 1132(a)(1)(B).  The Plaintiffs are not participants, but allege that they may bring

claims under Section 502(a)(1)(B) on the basis of assignments received from participants. Compl.

¶7, *see also* Compl. ¶¶7, 52, 85, 104, 163, 243, 257, 274, 285, 293, 301, 311, 320, 332, 354, 395,

and 514.  The Plaintiffs further assert that the vast majority of their patients on whose behalf the

Plaintiffs submitted claims were participants in plans subject to ERISA.  Compl. ¶13

      Because any money judgment awarded under Section 502 is enforceable "only against

the plan as an entity," the Seventh Circuit "continually ha[s] noted that ERISA permits suits to

recover benefits only against the Plan as an entity." *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 872

n.4 (7th Cir. 2001).  If a plaintiff brings a claim for benefits against any other entity, including a

plan's insurer, administrator, or claims processor, his claim should be dismissed. *See, e.g., Mote v. Aetna Life Ins. Co.*, 502 F.3d 601, 610-11 (7th Cir. 2007) (affirming dismissal of claim for benefits brought against ERISA plan's administrator).

Plaintiffs do not – and cannot – allege that the Blue Defendants are ERISA plans. At most, Plaintiffs allege that the Blue Defendants are ERISA "plan administrators." Compl. ¶¶416, 514.[7] Because an ERISA plan administrator is not a proper defendant in an action for benefits under Section 502(a)(1)(B), the Court should dismiss Count I of the Complaint.[8]

> **2.   Plaintiffs Have Failed To State A Claim Under Section 502(a)(1)(B) By Failing To Allege Any Facts Showing That The Terms Of Any ERISA Plan Were Violated.**

When a plaintiff sues under Section 502(a)(1)(B) to enforce his rights to benefits under an ERISA plan, he "must set forth sufficient factual allegations to make plausible a conclusion that [he] fall[s] within the terms of a particular ERISA plan and, thus, [is] entitled to seek to

---

[7]   Plaintiffs' allegation that the Blue Defendants are "plan administrators" is conclusory and insufficient. "Plan administrator" is a defined term under ERISA. *See* 29 U.S.C. § 1002(16)(A)(i); *Jacobs v. Xerox Corp. Long Term Disability Income Plan*, 520 F. Supp. 2d 1022, 1032 (N.D. Ill. 2007) ("if no administrator is named in the plan documents, the plan does not become its own default administrator; instead, the employer/sponsor assumes that role"). An insurance company does not become the ERISA "plan administrator" simply by providing administrative or claims-processing services to an ERISA plan. *See Mondry v. Am. Family Mut. Ins. Co.*, 557 F.3d 781,794 (7th Cir. 2009) (insurer's role as claims administrator for self-funded health plan did not make it the plan administrator for purposes of ERISA); *Pisek v. Kindred Healthcare, Inc. Disability Ins. Plan*, 633 F. Supp. 2d 659, 668 (S.D. Ind. 2007) (insurer who administered claims for benefits was not "plan administrator" because the plan named its sponsor as the "plan administrator"). Plaintiffs do not cite a single ERISA plan under which any Blue Defendant is named as the plan administrator nor provide any other factual basis for their allegations that the Blue Defendants are plan administrators of any plan for purposes of ERISA. The Blue Defendants do not concede that they are the plan administrators for any of the ERISA plans at issue.

[8]   Courts in this Circuit routinely dismiss plaintiffs' claims for benefits against non-plan entities, including a plan's insurer, administrator, or claims processor. *See, e.g., Mote*, 502 F.3d at 610-11; *Blickenstaff v. R.R. Donnelley & Sons Co. Short Term Disability Plan*, 378 F.3d 669, 674 (7th Cir. 2004); *Hackner v. Long Term Disability Plan for Employees of the Havi Group LP*, No. 03-1037, 81 Fed.Appx. 589, 593-94, 2003 WL 22766067, at *4 (7th Cir. Nov. 17, 2003); *Moffat v. Unicare Health Ins. Co.*, 352 F. Supp. 2d 873, 876 (N.D. Ill. 2005); *Eidmann ex rel. Estate of Eidmann v. Unum Life Ins. Co. of Am.*, No. 05 C 2183, 2005 WL 2304801, *1 (N.D. Ill. 2005 Sept. 20, 2005); *Matuszak v. Anesi, Ozmon, Rodin, Novak & Kohen Ltd. Long Term Disability Plan*, No. 04 C 4152, 2004 WL 2452733, at *1-3 (N.D. Ill. Nov. 1, 2004); *Hupp v. Experian Corp.*, 108 F. Supp. 2d 1008, 1013 (N.D. Ill. 2000); *Witowski v. Tetra Tech Inc.*, 38 F. Supp. 2d 640, 644 (N.D. Ill. 1998).

enforce those terms under § 1132(a)(1)(B)." *Curran v. FedEx Ground Package Sys., Inc.*, 593 F. Supp. 2d 341, 344 (D. Mass. 2009). This requires him to plead "at least a modicum of facts" about the existence and terms of the ERISA plan he is suing to enforce. *Id; see also Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 559 (2007); *Ashcroft v. Iqbal,* --- U.S. ---, 129 S.Ct. 1937, 1949 (2009). In this case, Plaintiffs offer nothing more than conclusory allegations about supposed violations of unidentified ERISA plans.

Plaintiffs purport to bring their action for benefits under the thousands of employee benefit plans insured or administered by the Blue Defendants. *See* Compl. at ¶53-78. Plaintiffs further allege that resolution of each claim for benefits is dependent on the interpretation of specific provisions of each of those plans, and seek declaratory relief to clarify the rights of participants and beneficiaries of each of those plans. *See* Compl. at ¶¶512, 572. Yet, in their entire 572-paragraph amended complaint, Plaintiffs do not identify even a *single* ERISA plan, a *single* plan participant who did not receive benefits or a *single* plan provision that allegedly was violated by the Blue Defendants. Without providing even this most basic information about their claims, Plaintiffs have not given Defendants fair notice of the claims asserted against them nor have they stated a plausible claim for relief.[9]

Indeed, in an identical context, another federal court recently dismissed a class-action claim for benefits brought by healthcare providers because the provider-plaintiffs failed to identify any of the ERISA plans under which the providers were asserting claims. *See In re Managed Care Litig.*, No. 00-1334-MD, 2009 WL 742678, at *3-4 (S.D. Fla. Mar. 20, 2009). In *Managed Care* the plaintiffs alleged that "all insurance plans subject to this litigation are 'group

---

[9]    The deficiencies of the Complaint are further illustrated by the Plaintiffs' request for prospective relief not only against ERISA plans with respect to which they hold limited assignments, but also against other ERISA plans, including plans that may become insured by, or receive administrative services from, a Blue Defendant in the future.

health insurance policies that constitute employee welfare plans as defined by The Employee

Retirement Security Act of 1974...." *Id.* at *3.[10] The court found this allegation was insufficient

to state a claim under Section 502(a)(1)(B). "Without describing an ERISA plan," the court

noted, "Defendants can not reasonably ascertain what the intended benefits were or who where

[*sic*] the proper beneficiaries under a given plan.... [F]ailure to identify the controlling ERISA

plans makes the Complaint unclear and ambiguous.... [and] makes it impossible for [p]laintiffs

to sufficiently allege the basis of [d]efendants' liability under a given plan." *Id.* at *3. The same

is true here, where Plaintiffs make a similarly conclusory allegation that "[t]he vast majority of

BCBS insureds on whose behalf Individual Plaintiffs submitted claims...received their insurance

from BCBS Entities as part of a private employee welfare benefit plan governed by ERISA."

Compl. at ¶13.

As Plaintiffs have failed to show a plausible entitlement to relief under Section

502(a)(1)(B) under any specific ERISA plan, the Court should dismiss Count I of the Complaint

with respect to all Blue Defendants.

### 3.    Plaintiffs Have Neither Exhausted Available Administrative Remedies Nor Demonstrated That Exhaustion Would Be Futile.

Section 503 (29 U.S.C. § 1133) and regulations promulgated by the Department of Labor

require each ERISA plan to maintain a benefit claims procedure, including procedures for

appealing adverse benefit determinations. *See,* 29 CFR § 2650.503-1. Although Plaintiffs make

various allegations about reimbursement disputes under their Provider Agreements, they

conspicuously fail to allege facts showing that they have sought to exhaust the claims procedures

---

[10]   Here, the Plaintiffs bring their claims not only against unnamed plans that are insured by the Blue Defendants, but also against employer funded "self-insured plans" to which the Blue Defendants provide administrative services.

of the applicable employer-sponsored ERISA plans under which they bring their claims.[11]  This

failure dooms their claims as to all Blue Defendants.  Before a participant may bring suit to

challenge an adverse benefit determination, the participant must exhaust the administrative

remedies available under the plan's claim procedure.  *Zhou v. Guardian Life Ins. Co. of Am.,* 295

F.3d 677, 679-80 (7th Cir. 2002) (affirming district court decision dismissing Section

502(a)(1)(B) claim because plaintiff chiropractor had not alleged exhaustion of administrative

remedies), *rehearing and rehearing,* en banc, *denied,* 2002 U.S. App. LEXIS 16510 (7th Cir.

August 13, 2002); *Gallegos v. Mt. Sinai Medical Ctr.,* 210 F.3d 803, 807-808 (7th Cir. 2000)

(endorsing district courts discretion to require that a plaintiff exhaust all administrative remedies

before bringing suit in federal court); *Ames v. Am. Nat. Can Co.,* 170 F. 3d 751, 756 (7th Cir.

1999) (same).

Just as exhaustion is a prerequisite for a participant to bring a suit under Section

502(a)(1)(B), a assignee must exhaust the remedies provided under the plan's claim procedure

before bringing a suit under Section 502(a)(1)(B).  *See Zhou,* 295 F.3d at 679-80.

Under limited circumstances, exhaustion may be excused, but only where the plaintiff

establishes the futility of further administrative appeal.  *See Ames,* 170 F.3d at 756.  Futility may

only be established where the plaintiff demonstrates that it is certain that the claim would be

denied on appeal; merely showing that the plaintiff doubts that an appeal will result in approval

of the claim is not sufficient.  *See id.*; *Med. Alliances, LLC v. Am. Med. Sec.,* 144 F. Supp 2d 979,

983 (N.D. Ill. 2001) ("a plaintiff must show that it's claims would be denied with certainty").  It

is insufficient for a plaintiff to merely make "*bald allegations and conclusory statements*"

---

[11]   Plaintiffs Gearhart and Thompson allege that they were told that their administrative remedies
had been exhausted, but provides no additional factual background. *See* Compl. at ¶¶169, 408.

regarding the futility of further administrative proceedings. *Zhou,* 295 F.3d at 680 (emphasis added).

Plaintiffs do not identify a single participant on whose behalf an "appeal" was sought; a single appeal that was denied, or any other information about the nature and scope of the Plaintiffs' recourse to the available administrative proceedings. Plaintiffs do not even allege that they have the right, pursuant to their alleged assignments, to act as the designated representatives of any participant for purpose of an ERISA claims appeal.[12]

While five Plaintiffs superficially allege that they have attempted to exhaust and that further efforts would be futile, there is not one single fact in the Complaint that supports these allegations. *See* Complt. ¶¶97 (Kuhlman); 141-143 (Korsen and Barlow); 298 (Ford); 374 (Dwyer); and 131-132, 518-519 (generic).

None of these Plaintiffs has shown that he appealed the claims of a single participant under the claims procedures established by the plan pursuant to Section 503, as required to exhaust their claims under ERISA. At best, Plaintiffs only allege facts regarding their pursuit of available contractual remedies under their provider agreements.[13]

---

[12] In light of the absence of specific factual allegations regarding the nature of the assignment received by the Plaintiffs, it is noteworthy that the U.S. Department of Labor, Employee Benefits Security Administration ("EBSA") views assignments narrowly. As the ESBA has explained, "[a]n assignment of benefits by a claimant is generally limited to assignment of the claimant's right to receive a benefit payment under the terms of the plan. Typically, assignments are not a grant of authority to act on a claimant's behalf in pursuing and appealing a benefit determination under a plan. . . ." See U.S. Department of Labor, Employee Benefits Security Administration, FAQ to 29 C.F.R. § 2560.503-1(b), Q-B2 (emphasis added).

[13] *See, for example,* correspondence between plaintiff Wahner and Independence Blue Cross ("IBC") shows that Plaintiff Wahner only filed an appeal under his Provider Agreement. *Compare, e.g.,* Compl. ¶¶269-270 with Exhibit A (*e.g.,* at p. 2 – "I am formally requesting an appeal or an arbitration in accordance with my contract with IBC.") Similarly, Plaintiff's Barnard's requests to IBC for documents and information were made before any adverse benefit determination (Compl. ¶¶246-248). After the alleged adverse benefit determination, Bernard merely made a telephone call to IBC "to inquire and protest its actions". (Compl. ¶255).

Accordingly, because Plaintiffs fail to allege any specific facts supporting their exhaustion claim under any employer-sponsored ERISA plans, and fail to allege facts demonstrating the futility of exhaustion under those plans, their Section 502(a)(1)(B) claims should be dismissed as to all Blue Defendants on this basis as well.

### B. Count II Should Be Dismissed Because (i) The Relief Plaintiffs Seek Is Only Available Under Section 502(a)(1)(B) And (ii) Plaintiffs Seek A Remedy Not Available Under Section 502(a)(3).

Plaintiffs' claim under Section 502(a)(3) should be dismissed because it is nothing more than a repackaged claim for benefits for which Plaintiffs have an adequate remedy under Section 502(a)(1)(B). Section 502(a)(3) is ERISA's "catchall" provision. *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996). It acts "as a safety net, offering appropriate equitable relief for injuries caused by violations that Section 502 does not elsewhere adequately remedy." *Id.* If relief is available to a plan participant under Section 502(a)(1)(B), it is not available under subsection 502(a)(3). *See, e.g., Hakim v. Accenture U.S. Pension Plan*, No. 08-cv-3682, 2009 WL 2916842, at *4 (N.D. Ill. 2009 Sept. 30, 2009) (dismissing claim under Section 502(a)(3) because the relief requested was available under Section 502(a)(1)(B)).[14]

Plaintiffs' allegations in support of their claim seeking relief under Section 502(a)(3) show that the relief they seek is available under Section 502(a)(1)(B). Plaintiffs' claim is based on the alleged improper denial of claims without the "full and fair review" required under Section 503, 29 U.S.C. §1133. Compl. at ¶515. Specifically, Plaintiffs allege that the denials of

---

[14]   *See also, e.g., Rice ex rel. Rice v. Humana Ins. Co.*, No. 07-C-1715, 2007 WL 1655285, at *4 (N.D. Ill. Jun. 4, 2007) (dismissing claim under Section 502(a)(3) because the relief requested was available under Section 502(a)(1)(B)); *Brosted v. Unum Life Ins. Co. of Am.*, 349 F. Supp. 2d 1088, 1092 (N.D. Ill. 2004) (same); *Clark v. Hewitt Assocs., LLC*, 294 F. Supp. 2d 946, 950 (N.D. Ill. 2003) (same). It is sufficient that the plaintiff has grounds to make a claim under Section 502(a)(1)(B); it is not necessary that the plaintiff prevail on that claim. *Moffat v. Unicare Midwest Plan Group 314541*, No. 04 C 5685, 2005 WL 1766372, at *5 (N.D. Ill. July 25, 2005) ("even when a plaintiff's §502(a)(1)(B) claim has failed, courts have declined to allow the plaintiff to proceed with a §502(a)(3) claim").

their claims were "inconsistent with or unauthorized by the terms of Members' [ERISA plans],"
and that the Blue Defendants improperly withheld payments on properly submitted claims. *Id.* at
¶¶515-16.[15] Plaintiffs claim under Section 502(a)(3) seeks redress for these allegedly improper
denials in the form of declaratory and injunctive relief.  This is precisely the type of relief
available (and requested by Plaintiffs) under Section 502(a)(1)(B)).  *Compare* Compl. at ¶512
*with* ¶ 520.  Thus, Plaintiffs cannot assert a claim for the same relief under Section 502(a)(3).
*See, e.g., Korotynska v. Met. Life Ins. Co.*, 474 F.3d 101, 105-06 (4th Cir. 2006) (ERISA
participant whose benefits were terminated could not seek equitable relief under Section 502(a)(3)
based on insurer's allegedly improper claims review procedures because she had adequate relief
available for that injury under Section 502(a)(1)(B)); *Tackett v. M & G Polymers, USA, LLC*,
561 F.3d 478, 492 (6th Cir. 2009) (affirming dismissal of 502(a)(3) claim where plaintiffs "asked
the district court for recovery of health benefits due under the plan…[,] a declaration of their
rights to health benefits under the plan, and an injunction prohibiting the plan administrator from
modifying or terminating…health benefits in the future" because "[a]ll of these remedies are
cognizable under Section 502(a)(1)(B)").

In addition, Count II should be dismissed as a procedural violation of a plan's claim
procedure, assuming there were such a violation, does not entitle a participant, or his assignee, to
a substantive remedy.  Rather, "where a plan administrator fail[s] to afford adequate procedures
in its initial denial of benefits, *'the appropriate remedy … is to provide the claimant with the
procedures that it sought in the first place…'". St. Joseph's Hosp. of Marshfield, Inc. v. Carl*

---

[15]   In fact, Section 502(a)(1)(B) expressly allows a participant "to enforce his rights under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).  This is exactly what Plaintiffs seek to do in Count II – enforce plan terms relating to claims and appeals procedures.

*Klemm, Inc.,* 459 F.Supp. 2d 824, 834 (W.D. Wis. 2006) (emphasis added) (quoting *Hackett v. Xerox Corp. Long Term Disability Income Plan,* 315 F.3d 771, 776 (7th Cir. 2003).

Because Plaintiffs' claim under Section 502(a)(3) requests the same relief available under Section 502(a)(1)(B) and relief otherwise not available under Section 502(a)(3), Count II should be dismissed.

> **C.   Count VII Should Be Dismissed Because It (i) Is Duplicative Of Count I And (ii) Is A Request For A Remedy And Does Not State An Independent Cause Of Action.**

As is the case with Count II, Count VII should be dismissed as it represents nothing more than a repackaging of Count I of the Plaintiffs' Section 502(a)(1)(B) claims and under *Varity, infra.,* the Plaintiffs may only seek relief under Section 502(a)(1)(B) and are only entitled to relief made available by that section.

In addition, in Count VII, Plaintiffs purport to assert a claim for "equitable relief" and request an injunction preventing Defendants from continuing their recoupment efforts and ordering them to return funds gained through recoupment. Compl. ¶572. But the law is clear that injunctive relief is a remedy, not a cause of action. *See Chicago United Indus., Ltd. v. Chicago,* 2007 WL 4277431, at *11 (N.D. Ill. Dec. 3, 2007) (Kennelly, J.) ("[P]laintiffs' [claim] is not a separate cause of action because it seeks only a form of relief, specifically, an injunction."); *Noah v. Enesco Corp.,* 911 F. Supp. 305, 307 (N.D. Ill. 1995) ("An injunction is a remedy, not a cause of action.").

> **II.   Additional Grounds For Dismissal Applicable To Specific Blue Defendants.**

> **A.   The Court Lacks Subject Matter Jurisdiction Over Plaintiffs' ERISA Claims To The Extent That The Assignments Are Not Allowed Under The Applicable ERISA Plan.**

In order for the Court to have subject matter jurisdiction over a claim for benefits under ERISA, the plaintiff must be either a "participant" in or a "beneficiary" of an ERISA plan.

*Kennedy v. Conn. Gen. Life Ins. Co.*, 924 F.2d 698, 699-700 (7th Cir. 1991). A party is considered a beneficiary if he can show that he has a colorable claim to benefits under an ERISA plan. *Id.* at 700-01. When a healthcare provider asserts standing to sue as an assignee of his patient's ERISA benefits, his claim is not colorable – and he lacks standing to sue – if the ERISA plan clearly prohibits assignments of benefits. *See, e.g., Parkside Lutheran Hosp. v. R.J. Zeltner & Assocs., Inc. ERISA Plan*, 788 F. Supp. 1002, 1004 (N.D. Ill. 1992) (court lacked subject matter jurisdiction to consider healthcare provider's ERISA claim because patient's ERISA plan clearly prohibited assignments of benefits).

Moreover, the anti-assignment provisions in the health insurance plans administered or insured by the Blue Defendants have been repeatedly and consistently upheld by the federal courts. As just one example, the anti-assignment provision that appears in all of the Blue Cross and Blue Shield of Massachusetts plans -- *i.e.*, "You cannot assign any benefit or monies due under this contract to any person, corporation, or other organization without Blue Cross and Blue Shield's written consent. Any assignment by you will be void. Assignment means the transfer of your right to the benefits provided under this contract to another person or organization. . . ." -- has been upheld repeatedly and consistently by the federal courts as unambiguous, valid, and binding—and provider claims and lawsuits have been dismissed—in several ERISA cases.[16] As a matter of course, many of the Blue Defendants include such anti-assignment provisions in their policy forms or subscriber certificates. Had the Plaintiffs given fair notice to the Blue

---

[16] *See Jon N. v. Blue Cross Blue Shield of Mass., Inc.*, Case No. 07-cv-137 (DAK), 2008 U.S. Dist. LEXIS 35464, at *2–7 (N.D. Utah Apr. 29, 2008) (dismissing provider's ERISA claim based on BCBSMA non-assignment provision); *Island View Residential Treatment Ctr., Inc. v. BlueCross BlueShield Of Massachusetts, Inc.*, No. 07-10581-DPW, 2007 U.S. Dist. LEXIS 94901, at *18–20 (D. Mass. Dec. 28, 2007) (same), *aff'd* 584 F.3d 24 (1st Cir. 2008); *Home Nutritional Servs., Inc. v. Blue Cross and Blue Shield of Mass., Inc.*, Civil Action Nos. 93-10211-Z, 93-10658-Z, 1993 U.S. Dist. LEXIS 12240, at *4–5 (D. Mass. Aug. 24, 1993) (the anti-assignment provision in health insurance contracts of Blue Cross and Blue Shield of Massachusetts, Inc. is "clear and unambiguous and . . . comports with ERISA").

Defendants of the claims they are asserting, by identifying the participant, plan and specific claim, other claims of the Plaintiffs would be subject to dismissal based on these anti-assignment provisions.[17]

As discussed above in Section I.A.2, Plaintiffs in this case have failed to identify a single plan under which they purport to sue. Nevertheless, based on Plaintiffs' allegations, The Regence Group has identified the specific Regence claim at issue and the governing ERISA plan under which the claim was submitted. That ERISA plan contains an express prohibition against assignments of benefits. *See* Declaration of Lisa D. Kuykendall and relevant plan document, Exs. B and C, hereto.[18] Because these alleged assignments are invalid as a matter of law, Dr. Miggins does not have a colorable claim for benefits, and thus lack standing to sue under ERISA. Accordingly, the Court should dismiss Dr. Miggins' ERISA claim on this basis as well.

**B.      ERISA Claims Against Thirteen Blue Defendants Should Be Dismissed Because Plaintiffs Have Not Made Any Factual Allegations Against Those Defendants.**

With respect to thirteen Blue Defendants the Complaint contains no allegations that these defendants failed to properly pay a claim for benefits on behalf of an ERISA-plan participant or beneficiary, or that these defendants have not fulfilled any other obligations under the ERISA plans they insure or administer. Indeed, it appears that these Blue Defendants were sued simply

---

[17]   The Complaint contains a single conclusory statement to the effect that by paying Plaintiffs directly the Blue Defendants have waived the right to contest the validity of the assignments. Compl. at ¶14. Such a blanket, unsupported allegation is insufficient to support any legal conclusions regarding the implication of past business practices between an Individual Plaintiff and a specific Blue Defendant under their provider agreement. In fact, the concept of assignment is not relevant where a provider agreement is in effect as the parties have agreed by contract to the rate of reimbursement to which a provider is entitled for providing services to a covered participant without regard to any assignment made by the participant.

[18]   The Court may consider evidence outside of the pleadings in rulings on motions to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. Rule 12(b)(1). *United Phosphorus Ltd. v. Angus Chem. Co.,* 322 F.3d 942, 946 (7th Cir. 2003) (party may use affidavits and other materials to support motion to dismiss for lack of subject matter jurisdiction).

because they are Blue Cross/Blue Shield licensees. The ERISA claims against these Blue Defendants should be dismissed.

### 1.    Plaintiffs Make No Substantive Allegations Against Six Blue Defendants.

Excluding the case caption and the list of defendants provided in the prefatory statement, six Blue Defendants are named in *only a single paragraph*, and that single paragraph is devoid of any substantive factual allegations. For example, Plaintiffs allege that "Defendant Arkansas Blue Cross and Blue Shield ("BCBSAR") is an Arkansas corporation with its corporate headquarters located at 601 S. Gaines Street, Little Rock, Arkansas. It provides health care services to over 400,000 BCBS Insureds. Further, the recoupment demands of BCBSRI and other BCBS Entities include BCBS Insureds whose health insurance is insured or administered by BCBSAR." Compl. at ¶58. Similar, non-substantive allegations are made against Blue Cross and Blue Shield of Georgia (Compl. at ¶61); Blue Cross and Blue Shield of Kansas City (Compl. at ¶67); Blue Cross Blue Shield of Massachusetts (Compl. at ¶64); Blue Cross Blue Shield of South Carolina (Compl. at ¶73) and Wellmark, Inc. (Compl. at ¶77). Thus, the Court should dismiss the ERISA claims against these six Blue Defendants.

### 2.    Plaintiffs Make No Actionable Allegations Against Five Other Blue Defendants.

Although Plaintiffs include a few additional factual allegations as to five other Blue Defendants, none of these allegations relates to or offers any support for Plaintiffs' ERISA claims. Other than noting the location of the Defendants' company headquarters, the Plaintiffs only allege:

- Plaintiff Reno believes that Carefirst, Inc. was properly reimbursing him and that other Defendants should adopt the same reimbursement rate. Compl. at ¶347.

- Excellus Blue Cross and Blue Shield uses IBM's FAM's system to detect health care fraud. Compl. at ¶457.

- Blue Shield of California, Blue Cross and Blue Shield of North Carolina, and Blue Cross and Blue Shield of Tennessee participated in anti-fraud seminars sponsored by the Blue Cross Blue Shield Association. Compl. at ¶¶450, 452, 455.

None of the allegations against Carefirst, Inc., Excellus Blue Cross and Blue Shield, Blue Shield of California, Blue Cross and Blue Shield of North Carolina, or Blue Cross and Blue Shield of Tennessee are actionable and, accordingly, these five Blue Defendants should be dismissed.

3. **Plaintiffs Allegations Against Blue Cross And Blue Shield Of Michigan ("BCBCMI") And Blue Cross And Blue Shield Of Alabama ("BCBSAL") Do Not Support Claim For Relief.**

Plaintiffs allege that BCBSMI insured a patient of Plaintiff Dwyer. Compl. at ¶355. All of the actions that serve as the basis for Dwyer's claim, however, involve other defendants. *See id.* at ¶¶353-377. Plaintiff Dwyer makes no allegations against BCBSMI that could support a claim against BCBSMI. *See id.* at ¶¶355-356 and 375-376.

Similarly, Plaintiff Korsen states that BCBSAL *approved* a payment to him under the terms of a self-funded ERISA plan and that the plan *paid* this benefit. *Id.* at ¶¶154-155. He even admits that he was overpaid by $20. *Id.* at ¶156. He then alleges that another Blue Cross entity declined to forward the payment to Korsen, but rather used the payment to recoup amounts due from Korsen with respect to an overpayment of another unrelated claim. *Id.* There is no allegation that BCBSAL had any involvement in the recoupment, or with the participant who received the previous treatment, or with the plan that paid the previous claim. *Id.* at ¶¶154-155. In other words, the sole basis of Plaintiff Korsen's claim against BCBSAL is a claim that was paid in full. Plaintiff's allegations do not support any claim against BCBSAL.

**C.    The Court Should Dismiss The ERISA Claims Against Seventeen Blue Defendants Because Plaintiffs Have Failed To Allege Exhaustion Of Remedies.**

As discussed in Section 1(A)(3) above, Plaintiffs' claims should be dismissed as to all of the Blue Defendants as the Complaint is devoid of any factual support for the assertions that Plaintiffs have either exhausted their administrative remedies under ERISA or demonstrated that exhaustion would be futile.  With respect to many of the Blue Defendants the Plaintiffs fail to even allege compliance with the statutory prerequisites for bringing a claim – namely exhaustion or futility.  *See, Zhou*, 295 F.3d at 680; *see also fn. 13 and 18, infra.* pp. 10, 15.[19]

**1.    Plaintiffs Do Not Allege Any Attempts To Exhaust Administrative Remedies Under ERISA Plans Administered By Thirteen Of The Blue Defendants.**

As discussed above in Sections II, B, 1-3 above, Plaintiffs have not made any ERISA-related allegations against thirteen of the Blue Defendants.  Consequently, Plaintiffs can not show that they exhausted their administrative remedies against any of these Blue Defendants.  Plaintiffs' failure to exhaust their administrative remedies against these Blue Defendants warrants dismissal.

**2.    The ERISA Claims Of Drs. Fava, Barber, Ford, Miggins, Renneke, And Paulsen Should Be Dismissed For Failure To Plead Facts Evidencing Futility.**

Six Plaintiffs – Drs. Fava, Barber, Ford, Miggins, Renneke, and Paulsen – do not allege that they made any effort to challenge any alleged overpayment recoveries, much less that they exhausted all administrative remedies under ERISA.  Instead, these Plaintiffs contend – with no supporting factual allegations – that their failure to exhaust available administrative remedies

---

[19]    *See also Med. Alliances, LLC*, 144 F. Supp. 2d at 982-83 (dismissing complaint for failure to exhaust administrative remedies); *Richardson v. Astellas U.S. LLC Employee Benefit Plan and Life Ins. Co. of N. Am.*, 610 F. Supp. 2d 947, 953-54 (N.D. Ill 2009) (same); *Bingham v. CNA Fin. Corp.*, No. 04 C 2581, 2004 WL 2390093 at *3 (N.D. Ill. Oct. 25, 2004) (same).

should be excused because doing so would be "futile." *See, e.g.,* Compl. at ¶¶298-99, 519.[20]  In order for a plaintiff to come within the futility exception, however, he "must show that it is *certain* that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision." *Zhou,* 295 F.3d at 680 (citations and quotations omitted) (emphasis added).  "[B]ald allegations and conclusory statements" of futility will not do. *Id.* Thus, if "a party has proffered no facts indicating that the review procedure that he initiated will not work, the futility exception does not apply." *Id.*

Because Drs. Fava, Barber, Ford, Miggins, Renneke, and Paulsen have not alleged that they even contacted the relevant Blue Defendant to challenge any alleged overpayment recovery, they have not shown that they exhausted their administrative remedies or that pursuing those remedies would be futile.  Thus, their ERISA claims against Horizon Blue Cross Blue Shield of New Jersey, WellPoint, Regence, and Blue Cross Blue Shield of Minnesota should be dismissed.[21]

## CONCLUSION

For the reasons discussed above, Counts I, II and VII of the complaint should be dismissed with prejudice.

---

[20]   Plaintiff Ford even contends that he should never "be required to go through the process of appealing" a Blue Defendant reversal of a prior benefit determination.  Compl. at ¶299.

[21]   Dr. Fava is the only Plaintiff making ERISA allegations against Horizon, and Dr. Miggins is the only Plaintiff making ERISA allegations against Regence. *See generally,* Compl.  Because they have failed to allege exhaustion of administrative remedies, the ERISA claims against Horizon and Regence should be dismissed. *See, id.,* at ¶¶273-283, 300-309.

Dated:  December 31, 2009

Respectfully submitted

_____ /s/ Michael M. Conway _____
Michael M. Conway
Martin J. Bishop
Rebecca R. Hanson
**Foley & Lardner LLP**
321 North Clark Street, Suite 2800
Chicago, IL 60654
Telephone:  (312) 832-4500
mconway@foley.com
mbishop@foley.com
rhanson@foley.com

Michael J. Tuteur
**Foley & Lardner LLP**
111 Huntington Avenue, 26th Floor
Boston, MA 02199
Telephone:  (617) 342-4000
mtuteur@foley.com

***Counsel for Defendants WellPoint, Inc. and Blue Cross and Blue Shield of Georgia, Inc.***

Michael A. Pope, Esq.
Christopher M. Murphy, Esq.
Marie Ann Halpin, Esq.
**McDermott, Will & Emery LLP**
227 West Monroe Street, #4400
Chicago, IL  60606
Telephone:  (312) 372-2000
mpope@mwe.com
cmurphy@mwe.com
mhalpin@mwe.com

***Counsel for Blue Cross and Blue Shield of Rhode Island; Blue Cross and Blue Shield of Florida; CareFirst, Inc; Blue Cross and Blue Shield of Massachusetts, Inc.; Blue Cross and Blue Shield of Minnesota; Horizon Blue Cross and Blue Shield of New Jersey; Excellus Blue Cross and Blue Shield; Highmark Inc.; Blue Cross and Blue Shield of South Carolina; Blue Cross and Blue Shield of Tennessee; Wellmark, Inc.***

20

Mark E. Schmidtke, Esq.
**Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Two First National Plaza, 25th Floor
20 South Clark Street
Chicago, IL 60603
Telephone:  (312) 558-1220
mark.schmidtke@ogletreedeakins.com

Eric P. Mathisen, Esq.
Robert L. Clark, Esq.
**Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
225 Aberdeen Drive
Valparaiso, IN 46385
Telephone:  (219) 242-8666
eric.mathisen@ogletreedeakins.com
robert.clark@ogletreedeakins.com

***Counsel for Blue Cross and Blue Shield of
Alabama***

Jacqueline M. Saue, Esq.
**Foley & Lardner**
3000 K Street, N.W.
Suite 500
Washington, DC  20007
Telephone:  (202) 672-5300
jsaue@foley.com

Martin J. Bishop, Esq.
**Foley & Lardner**
321 North Clark Street, Suite 2800
Chicago, IL 60610
Telephone:  (312) 832-4500
mbishop@foley.com

***Counsel for Arkansas Blue Cross and Blue Shield;
Blue Cross and Blue Shield of Kansas***

Gregory N. Pimstone, Esq.
Joanna S. McCallum, Esq.
**Manatt, Phelps & Phillips, LLP**
11355 West Olympic Boulevard
Los Angeles, CA 90064
Telephone:  (310) 312-4370
jmccallum@manatt.com
gpimstone@manatt.com

Charles S. Bergen, Esq.
Laura K. McNally, Esq.
**Grippo & Elden**
111 South Wacker Drive
Chicago, IL  60606
Telephone:  (312) 704-7700
docket@grippoelden.com

Charles Len Sweeris, Esq.
**Law Department, Blue Shield of California**
22nd Floor
50 Beale Street
San Francisco, CA 94105
Telephone:  (415) 229-5107
sweeris@blueshieldca.com

*Counsel for Blue Shield of California*

Helen E. Witt, Esq.
**Kirkland & Ellis LLP**
300 North LaSalle Street
Chicago, IL 60654
Telephone:  (312) 862-2000
hwitt@kirkland.com

Joel R. Skinner, Esq.
**Health Care Service Corporation**
300 E. Randolph Street, 28th Floor
Chicago, IL  60601-5099
Telephone:  (312) 653-6803
skinnerj@bcbsil.com

*Counsel for Health Care Service Corporation*

Emily M. Yinger, Esq.
N. Thomas Connally, III, Esq.
Michael M. Smith, Esq.
**Hogan & Hartson LLP**
Park Place II
7930 Jones Branch Drive, Ninth Floor
McLean, VA  22102
Telephone:  (703) 610-6100
emyinger@hhlaw.com
ntconnally@hhlaw.com
mmsmith@hhlaw.com

22

David J. Stetler, Esq.
Jonathan M. Cyrluk, Esq.
Mariah E. Moran, Esq.
**Stetler & Duffy, Ltd.**
11 South LaSalle Street, Suite 1200
Chicago, IL  60603
Telephone:  (312) 338-0200
dstetler@stetleranduffy.com
cyrluk@stetleranduffy.com
mmoran@stetleranduffy.com

***Counsel for Blue Cross and Blue Shield of Kansas
City; Blue Cross and Blue Shield of North
Carolina; The Regence Group***

Charles C. Jackson, Esq.
Charis A. Runnels, Esq.
**Morgan, Lewis & Bockius LLP**
77 West Wacker Drive, 5th Floor
Chicago, IL  60601
Telephone:  (312) 324-1000
charles.jackson@morganlewis.com
crunnels@morganlewis.com

Jay H. Calvert, Jr., Esq.
**Morgan, Lewis & Bockius LLP**
1701 Market Street
Philadelphia, PA  19103
Telephone:  (215) 963-5462
jcalvert@morganlewis.com

***Counsel for Independence Blue Cross***

Joseph A. Fink
Scott R. Knapp
**Dickinson Wright, PLLC**
Suite 200
215 South Washington Square
Lansing, Michigan, 48933
Telephone: (517) 371-1730
jfink@dickinsonwright.com
sknapp@dickinsonwright.com

John E. Anderson, Sr.
**Dickinson Wright, PLLC**

Suite 1401
424 Church Street
Nashville, Tennessee, 37919
Telephone:  (615) 244-6538
janderson@dickinsonwright.com

**Counsel for BlueCross Blue Shield of Michigan**

Gwendolyn C. Payton, Esq.
**Lane Powell PC**
1420 Fifth Avenue, Suite 4100
Seattle, WA  98101
Telephone:  (312) 595-1239
paytong@lanepowell.com

Michael P. Padden, Esq.
**Howrey LLP**
321 North Clark Street, Suite 3400
Chicago, IL  60654
Telephone:  (206) 223-7000
paddenm@howrey.com

**Counsel for Premera Blue Cross**

## LIST OF EXHIBITS

A.    Barry Wahner Correspondence with Independence Blue Cross (Group Exhibit)

B.    Declaration of Lisa D. Kuykendall

C.    Regence BlueShield Preferred Plan

D.    Unpublished Case

## CERTIFICATE OF SERVICE

I, Michael M. Conway, an attorney, hereby certify that on December 31, 2009, I electronically filed the **Defendants' Memorandum Of Law In Support Of Their Consolidated Motion To Dismiss Plaintiffs' Claims Under ERISA** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties listed on the electronic service list.  A true and correct copy of the foregoing was also served by Federal Express upon counsel for Blue Cross and Blue Shield of Michigan whose *pro hac vice* admission before the court is currently pending at the following address:

Joseph A. Fink
**Dickinson Wright, PLLC**
Suite 200
215 South Washington Square
Lansing, Michigan, 48933

John E. Anderson, Sr.
**Dickinson Wright, PLLC**
Suite 1401
424 Church Street
Nashville, Tennessee, 37919


_____  */s/* Michael M. Conway____