# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5619 | **DATE** | 12/15/2010 |
| **CASE TITLE** | Penna. Chiropractic Assn., et al. vs. Blue Cross Blue Shield Assn., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court denies BCBSRI's motion to dismiss or to stay the claims by Korsen and Barlow [# 126].

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

The defendants have moved to dismiss or stay the claims of Jay Korsen and Ian Barlow, two of the plaintiffs in this case, on the ground that the same matters were previously (and are still) being litigated in a suit that one of the defendants, Blue Cross and Blue Shield of Rhode Island (BCBSRI), filed against Korsen and Barlow in another jurisdiction.

Korsen is a doctor of chiropractic, and Barlow is an occupational therapist who works with Korsen. BCBSRI sued Korsen and Barlow in Rhode Island state court in mid-June 2009, seeking to recover payments it had made to them on claims for medical procedures performed on patients insured by BCBSRI. In mid-August 2009, Korsen and Barlow counterclaimed, alleging (among other things) that BCBSRI's claimed retroactive reimbursement violated ERISA because they were not given a full and fair opportunity for review of BCBSRI's determination.

The present case was filed in mid-September 2009, about four weeks after Korsen and Barlow filed their counterclaim in the Rhode Island case. They are among numerous plaintiffs in this case, though they are represented here by the same attorneys who represent them in the Rhode Island case. With one or perhaps two exceptions, the plaintiffs in this case are all chiropractors or associated with chiropractors. In this case, Korsen and Barlow make essentially the same factual allegations they made in their counterclaim in the Rhode Island case. In the present case, however, they (along with the other named plaintiffs) seek to represent a class of similarly-situated health care providers; they have sued other Blue Cross-related entities in addition to BCBSRI; and they have asserted civil RICO claims, though the Court recently dismissed those claims.

Korsen and Barlow removed the Rhode Island case to state court, arguing that BCBSRI's claims could be brought, if at all, only under ERISA, thus invoking the "complete preemption" doctrine. BCBSRI moved to

| STATEMENT |
|---|

remand the case. The federal district court judge presiding over the Rhode Island case, however, agreed with Korsen and Barlow and recently denied BCBSRI's motion to remand. *See Blue Cross & Blue Shield of R.I. v. Korsen*, No. 09-317L, slip op. (D.R.I. Oct. 27, 2010).

A federal court may dismiss a suit "for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court." *Serlin v. Arthur Andersen & Co.*, 3 F.2d 221, 223 (7th Cir. 1993) (internal quotation marks and citations omitted). Korsen and Barlow's claims in this case are partly duplicative of their counterclaim in the Rhode Island suit. And, as BCBSRI points out, they could have brought the full-blown version of their claims in this case as a counterclaim in the Rhode Island case.

This, however, does not end the analysis. *Id.* at 224. There is no rigid first-to-file rule. *See Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995). "[T]he judge hearing the second-filed case may conclude that it is a superior vehicle and may press forward." *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 838 (7th Cir. 1999). This is such a case. In the present case, Korsen and Barlow are joined by numerous other plaintiffs who assert similar claims, and they have sued other Blue Cross-related entities in addition to BCBSRI on the ground that some of the patients for whom they performed services in the situations at issue were covered by other Blue Cross plans which allegedly were involved in the decisions to retroactively deny coverage. In addition, the present case has progressed further than the Rhode Island case: fact discovery on class certification issues is nearly complete in the present case, but there is no indication that any discovery has begun in the Rhode Island case. There is no basis to believe that BCBSRI "raced to the courthouse" to avoid the not-yet-filed suit in this district, and the Court cannot conclude that it brought the Rhode Island suit in bad faith. But these factors do not outweigh the fact that the present case covers a broader waterfront (even as to just Korsen and Barlow) than the Rhode Island suit and has developed further than that suit.

For these reasons, the Court denies BCBSRI's motion to dismiss or to stay the claims by Korsen and Barlow.