# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5619 | **DATE** | 1/21/2011 |
| **CASE TITLE** | Pa. Chiropractic Assn. vs. BCBS Assn., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court grants plaintiff Miggins and third party defendant Miggins & Miggins, Inc.'s motion to dismiss The Regence Group's counterclaim [docket no. 276]. The Court also directs the Clerk to terminate the remaining motions to dismiss, all of which the Court believes it has previously ruled upon [docket nos. 259, 261 & 267]. The Regence Group is granted leave to file an amended complaint in conformity with this order on or before 2/11/11.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

Defendant The Regence Group has filed a counterclaim against plaintiff Larry Miggins and third party defendant Miggins & Miggins, Inc. (collectively, Miggins) alleging breach of contract and unjust enrichment. Regence's breach of contract claim is premised, at least on the surface, on a provider agreement that it had with Miggins under which Miggins agreed to provide health care services to patients covered by Regence's subscriber agreements and to receive payment for those services on specified terms. Miggins has moved to dismiss the counterclaim on the ground that it is preempted by ERISA and because it does not include sufficient detail.

1.      Regence alleges that Miggins breached the provider agreement by failing to charge and make reasonable attempts to collect coinsurance payments; submitting and obtaining claims for reimbursement using incorrect diagnosis codes and modifiers; and submitting and obtaining claims for reimbursement for services that were not medically necessary as defined in the provider agreement and that were otherwise not covered under the patients' subscriber agreements.

2.      Miggins argues that Regence's claim is preempted by ERISA section 514(a), which provides that ERISA supersedes state laws that "relate to any employee benefit plan." 29 U.S.C. § 1144(a). State law relates to a benefit plan if is has connection with or reference to such a plan. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987). This occurs in various ways, only one of which is relevant here: if the state law "provides an alternative enforcement mechanism to ERISA." *Trustees of the AFTRA Health Fund v. Biondi*, 303 F.3d 765, 774 (7th Cir. 2002). That happens if the benefit plan's existence is a critical element of a state law claim, such that the state law relies on a direct and unequivocal nexus with an ERISA plan. *Id.* at 778.

3.      At least some parts of Regence's claim are, in fact, preempted by ERISA. As indicated earlier, Regence relies in part on a contention that Miggins obtained payment on claims that were not covered under

| STATEMENT |
|---|

patient subscriber agreements. Regence does not disclose whether any of those agreements are ERISA benefit plans, but it is overwhelmingly likely that some or even most of them are. In addition, it is conceivable that other parts of Regence's claim rely on the terms of one or more ERISA benefit plans.

4.  Even after *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and its progeny, federal courts follow a notice-pleading regime under which a plaintiff (here, Regence) need provide only enough detail to give the defendant (here, Miggins) fair notice of what the claim is and the grounds on which it rests. *See, e.g., Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). In complex case, however, a fuller set of factual allegations may be necessary. *See, e.g., Limestone Dev. Corp. v. Village of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

5.  Under ordinary circumstances, the Court likely would not require a party making a breach of contract claim to identify the contractual terms on which it relies; alleging the nature of the breach would be enough. In this case, however, Regence's claim is premised not on one or a small number of contracts. Rather, it relies in significant part on a large number of underlying contracts – the subscriber agreements. And, as the Court has indicated, the claim may be preempted in whole or in part, depending on the nature of the alleged breaches of the provider agreement and what underlying subscriber agreements are involved. These factors together require further detail before the Court can conclude whether, and to what extent, Regence has stated a non-preempted claim.

6.  The same considerations apply to Regence's unjust enrichment claim, which likewise references patient subscriber agreements.

7.  For these reasons, the Court grants Miggins' motion to dismiss Regence's counterclaim for failure to state a claim. The Court also grants Regence leave to file an amended complaint, by no later than February 11, 2011. In any amended pleading, Regence will be required to identify the particular provisions in the provider agreement that it contends Miggins breached, as well as the underlying subscriber agreements at issue. This will enable Miggins to assess, and the Court to determine if asked, the extent to which Regence's claim is preempted by ERISA.