# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5619 | **DATE** | 2/17/2011 |
| **CASE TITLE** | Pa. Chiropractic Assn., et al. vs. Blue Cross Blue Shield Assn., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court grants plaintiffs' motion for leave to file a fourth amended complaint [docket no. 354], on the express condition that plaintiffs serve the newly named defendants with summonses, not waivers, within seven days of entry of this order on the docket. Any Rule 12, transfer, or arbitration-related motion regarding the claims of newly added plaintiff Susanna Wood must be filed by no later than 2/28/11; the response is due by 3/7/11; and the reply is due by 3/14/11.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiffs have moved to file a fourth amended complaint (4AC). The changes involve:

- adding a plaintiff, Susanna Wood, who is a licensed clinical social worker;

- adding defendants that are wholly-owned subsidiaries of an existing defendant, WellPoint, Inc. and that plaintiffs allege were involved in repayment demands or recoupments from particular plaintiffs;

- altering the class definition; and

- adding further detail regarding particular recoupments.

Defendants have objected to the motion.

The Court previously set a deadline of January 20, 2011 for amending the pleadings and adding parties. This motion was filed a few days after the deadline. Plaintiffs originally filed the proposed 4AC before the deadline, but without seeking leave of court. The Court struck the proposed 4AC and told plaintiffs they had to file a motion.

Although the motion was filed after the deadline, that does not mean that it is automatically barred. Rather, it enhances the burden plaintiffs must meet to obtain leave to amend: in addition to the ordinary requirements, they must show good cause, *see* Fed. R. Civ. P. 16(b)(4), which incorporates, among other things, the absence of undue delay and unfair prejudice to opposing parties.

1. *Wood*. Though the Court previously advised plaintiffs that they should file Wood's claims as a separate

action, the Court has reconsidered and now believes the amendment to add her claim to be appropriate. Good cause exists because adding Wood to the present case – subject to defendants' right to seek dismissal, stay, or transfer of her claims – will avoid procedural jockeying and wrangling over whether her case, whether filed here or elsewhere, should be transferred to this judge's docket for coordinated proceedings.

Defendants argue that Wood's claims are futile for various reasons. This is better addressed in a focused motion that the Court will require both sides to brief on an expedited basis. This will not be an undue imposition because it is obvious from both sides' filings that they have considered and researched the issues involved.

Defendants also argue that the addition of Wood will require a vast expansion of discovery because it was previously limited to chiropractor-related issues, and Wood is not a chiropractor. The contention is unpersuasive. Non-chiropractor discovery would have been almost entirely coming from the plaintiffs' side. Plaintiffs now contend that the evidence they have developed indicates that defendants treated non-chiropractors and chiropractors the same way with regard to recoupments and repayment demands, and they do not suggest that the addition of Wood will require them to conduct further discovery. In any event, the deadline for class certification-related discovery has passed, and the Court is not inclined to revisit that for plaintiffs given their last-minute addition of Wood.

As for defendants, the Court hereby lifts the class certification-related discovery deadline insofar as it relates to discovery they reasonably require due to the addition of Wood as a plaintiff. Defendants appear to dispute plaintiffs' contention that their practices regarding recoupment and repayment demands do not differ as between chiropractors and non-chiropractors. But even if this is so, the evidence in that regard is already in defendants' hands, so this does not appear to the Court to necessitate or warrant further discovery by defendants. In other words, the Court is unpersuaded by defendants' suggestion that adding Wood will require *defendants* to generate new discovery to ascertain similarities or differences in recoupment / repayment demand practices as they relate to different types of service providers.

The Court is satisfied that defendants will be able to obtain whatever discovery they need of Wood that is class certification-related well in advance of their deadline for responding to plaintiffs' not-yet-filed class certification motion. If this requires shortening the time for plaintiffs to respond to such discovery requests, the Court strongly urges plaintiffs to be accommodating so that the Court does not have to impose a shortened deadline on them.

By allowing the addition of Wood as a plaintiff, the Court does not intend to predetermine whether any certified class should include non-chiropractors or Wood can properly act as a class representative. It is conceivable that (among other possibilities) the Court may end up certifying a chiropractor-only class or some other class that does not include Wood. If that happens, the Court can and will be prepared to revisit the advisability and propriety keeping of Wood's claims in this case.

2. *The additional WellPoint subsidiaries.* Plaintiffs have shown good cause to add the new WellPoint subsidiary defendants, as they were able to identify them as having participated in various recoupments only fairly recently, via the discovery process. Court does not believe that plaintiffs unduly delayed in seeking to add them. The Court is also unpersuaded that this will require restarting or redoing discovery, at least not to any significant degree.

Given the last-minute nature of the request to amend, however, the Court will require plaintiffs to serve the

new defendants with summonses, not waivers, which will get them into the case quicker.  Specifically, as a condition of this amendment, the Court shortens to seven days the time to serve the new defendants with summonses.

If the new defendants believe they need to initiate any new discovery or redo discovery already done by other parties in order to be able to deal with the anticipated class certification motion, they will be required to advise the Court promptly.  If and when that issue comes up, the Court will address it within the considerable discretion it has under Rules 26(b) and (c).

3. *Altering the class definition*.  Defendants contend that plaintiffs' proposed change to the class definition runs afoul of injunctions in other class actions and is otherwise unfairly prejudicial.  The time to address that is in the context of the motion for class certification, not now.  Frankly, in the Court's view, plaintiffs were not required to amend their complaint as a prerequisite to seeking a class definition different from what they previously alleged in their complaint.  The Court is unaware of any requirement that a proposed class definition, let alone a class certification order by a court, track *in haec verba* allegations contained in a plaintiff's complaint.  Indeed, these amendments benefit the defendants in the sense that the amendments put them on notice one month early regarding the class definition(s) plaintiffs will propose to the Court.

4. *Other changes.*  Plaintiffs have shown good cause to make the other amendments to the complaint that they seek, which essentially add more detail to their existing allegations.  Defendants have offered no real opposition to these particular amendments.