# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5619 | **DATE** | 4/29/2011 |
| **CASE TITLE** | Penn. Chiropractic Assn., et al. vs. Blue Cross Blue Shield Assn., et al. | | |

**DOCKET ENTRY TEXT**

The Court grants defendants' motion to dismiss the claims of plaintiff Susanna Wood [# 400] for the reasons stated below and directs the Clerk to terminate Wood as a plaintiff.

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

Defendants have moved pursuant to Federal Rule of Civil Procedure 12(b)(3) to dismiss plaintiff Susanna Wood's claims in the fourth amended complaint. They argue that Wood's provider agreement with Regence Blue Cross Blue Shield of Oregon contains forum selection and mandatory arbitration provisions that render venue in this district improper. Defendants also argue that venue is improper because the underlying ERISA plans under which Wood sues contain forum selection provisions and because ERISA's venue provision, 29 U.S.C. § 1132(e)(2), prohibits adjudication of her dispute in this district.

"A court may dismiss for improper venue based on either a forum-selection clause *or* an arbitration provision; both are properly asserted as objections to venue." *Faulkenberg v. CB Tax Franchise Sys., LP*, – F.3d – , 2011 WL 1125592, at *1 (7th Cir. Mar. 29, 2011); *see also Muzumdar v. Wellness Int'l Network, Ltd.*, 438 F.3d 759, 761 (7th Cir. 2006). On a motion to dismiss for lack of proper venue, the Court may consider evidence outside of the pleadings. *Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005).

Wood's provider agreement with Regence-Oregon states:

> **Governing Law/Venue.** The validity of this Agreement and of any of its terms and provisions, as well as the rights and duties of the parties hereunder, shall be interpreted and enforced pursuant to and in accordance with the laws of the State of Oregon and other applicable state and federal law. In the event any legal proceedings are instituted between the parties arising out of this Agreement, such legal proceedings shall be . . . instituted in the courts of the County of Multnomah, State of Oregon. Each of the parties agrees to submit to the jurisdiction of such courts.

*See* Defs.' Mem. in Support of Mot. to Dismiss Pl. Wood's Claims, Ex. 1, at 15. Wood does not contend that

| STATEMENT |
|---|

the forum selection provision is invalid or unenforceable.

Wood argues briefly that the forum selection provision does not apply because she "does not sue under her provider agreement but pursuant to ERISA." *Pl.'s Mem. in Opp. to Mot. to Dismiss Wood's Claims* 15. The Court disagrees. First, by its terms, the forum selection provision applies to "any legal proceedings . . . instituted between the parties." *See Abbott Labs. v. Takeda Pharm. Co. Ltd.*, 476 F.3d 421 (7th Cir. 2007) (recognizing that a similar provision did "not apply just to the litigation of *claims* that arise out of, concern, etc., the contract; it applie[d] to the litigation of *disputes* that arise out of, concern, etc., the contract") (emphasis in original). Second, the phrase "arises out of" in a forum selection provision carries the same broad meaning that it does in the context of a contractual arbitration provision. *See Omron Healthcare, Inc. v. Maclaren Exports Ltd.*, 28 F.3d 600, 603 (7th Cir. 1994); *see also Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Int'l, Ltd.*, 1 F.3d 639, 642-43 (7th Cir. 1993) (recognizing that "any dispute between contracting parties that is in any way connected with their contract could be said to 'arise out of' their agreement and thus be subject to arbitration under a provision employing this language"). Third, Wood fails to address defendants' argument that each of the ERISA plans on which she sues as an assignee includes a similar forum-selection provision. *See Kochert v. Adagen Med. Int'l, Inc.*, 491 F.3d 674, 679 (7th Cir. 2007) (plaintiff forfeited issue because "she did not raise, much less develop th[e] argument, and undeveloped arguments are waived") (citations omitted).

Contrary to Wood's assertions, Regence-Oregon has not forfeited its right to enforce the forum selection provision in Wood's provider agreement by failing to raise a more prompt objection to venue. The defense turns on the terms in Wood's provider agreement. Plaintiffs did not add Wood to the suit until they filed the fourth amended complaint on February 14, 2011.

Because the Court concludes that venue is improper due to the forum selection provision in Wood's provider agreement, it Court grants the motion to dismiss and need not consider defendants' remaining arguments.