IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PENNSYLVANIA CHIROPRACTIC ASSOCIATION, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 09 C 5619 ) |
| BLUE CROSS BLUE SHIELD ASSOCIATION, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiffs Jay S. Korsen, D.C. and Ian Barlow have sued Blue Cross and Blue Shield of Rhode Island (BCBSRI) and other defendants for violations of the Employee Retirement Income Security Act (ERISA). The defendants have moved to dismiss or for summary judgment. Korsen and Barlow have cross-moved for summary judgment. For the reasons stated below, the Court grants defendants' motion for summary judgment, terminates their motion to dismiss as moot, and denies Korsen and Barlow's cross-motion for summary judgment.

**Background**

**1.    Procedural history**

Korsen is a chiropractic physician, and Barlow is an occupational therapist. Both of them practice in Rhode Island. BCBSRI paid Korsen and Barlow for services that they provided to individuals who were insured by BCBSRI (BCBSRI insureds). On April

20, 2009, BCBSRI sent Korsen and Barlow a letter demanding repayment of $412,951.93 for services that it claimed were not medically necessary. The letter informed Korsen and Barlow that they had ten days to contact BCBSRI about repayment options. On May 4, 2009, Korsen and Barlow sent BCBSRI a letter challenging the decision. BCBSRI responded by withholding payments from Korsen and Barlow for other, unrelated health care services.

In June 2009, BCBSRI sued Korsen and Barlow in Rhode Island Superior Court, asserting breach of contract and fraud claims against both of them and defamation and tortious interference claims against Korsen. Korsen and Barlow removed the case to the U.S. District Court for the District of Rhode Island, contending that some of the claims actually arose under federal law, namely ERISA. The federal court denied BCBSRI's motion to remand the case to state court on the ground that the breach of contract and fraud claims were preempted by ERISA. Korsen and Barlow then counterclaimed against BCBSRI, arguing that BCBSRI's recoupment of benefits violated ERISA. Korsen and Barlow sought recovery of the benefits that BCBSRI had withheld and an injunction against the withholding of future payments.

On November 16, 2009, while the case in Rhode Island was pending, Korsen and Barlow, along with other individual chiropractors and chiropractic association plaintiffs, filed their first amended complaint in the present case. The plaintiffs' claims here, including those of Korsen and Barlow, essentially mirror the claims that Korsen and Barlow asserted against BCBSRI in the Rhode Island litigation.

On December 31, 2009, BCBSRI moved in the present case to dismiss or stay Korsen and Barlow's claims on the ground that they were being litigated in the Rhode

2

Island case, which was still pending. On December 15, 2010, the Court denied defendants' motion. *See Penn. Chiropractic Ass'n v. Blue Cross Blue Shield Ass'n*, No. 09 C 5619, 2010 WL 5174387 (N.D. Ill. Dec. 15, 2010). The Court relied in part on the fact that Korsen and Barlow had sued BCBS entities other than BCBSRI in the present case, on the ground that some of the patients they had treated were covered by those entities' insurance plans and they had been involved in the retroactive coverage denial decisions. *See id.* at *1.

On February 17, 2011, the individual chiropractors and association plaintiffs filed a fourth amended complaint, which is the version of the complaint that is currently operative. The plaintiffs assert ERISA claims in three counts. In count one, they seek to recover benefits that the BCBS entities recouped, pursuant to section 502 (a)(1)(B) of ERISA, which allows a participant or beneficiary of a plan to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). In counts two and four, plaintiffs request injunctive and other equitable relief under section 502(a)(3) of ERISA, which allows a participant, beneficiary, or fiduciary of a plan to bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). In count three, certain of the plaintiffs allege that the BCBSA and BCBS entities violated section 627.419 of the Florida Code, which prohibits insurance providers from discriminating against chiropractors.

3

In February 2012, the federal court in the Rhode Island case granted Korsen and Barlow's motion for summary judgment on BCBSRI's claim of tortious interference and severed BCBSRI's defamation claim for trial before a jury. The court held a bench trial on the remaining claims in May-June 2012 and September 2012. In May 2013, the court found in favor of Korsen and Barlow on BCBSRI's claims and on Korsen and Barlow's counterclaims. *See Blue Cross & Blue Shield of R.I. v. Korsen*, No. 09–317L, 2013 WL 2247460 (D.R.I. May 22, 2013). The court found, among other things, that "neither Dr. Korsen or Barlow was given any opportunity to appeal or have Blue Cross's determination reviewed, despite the inclusion of review procedures both under ERISA and the Provider Agreements." *Id.* at *11. The court concluded that BCBSRI could not recover any of the payments that it had made to Korsen and Barlow and that Korsen and Barlow were entitled to recover the amounts that BCBSRI had withheld. The court has not yet entered final judgment on the ERISA claims, however, due to the need to resolved issues regarding prejudgment interest and attorney's fees. *See id.* at *15.

## Discussion

Defendants have moved to dismiss Korsen and Barlow's claims or for summary judgment on the grounds that their claims are moot or are barred by the doctrine of claim preclusion based on the litigation of the parallel claims in the Rhode Island case. Among other things, defendants contend that Korsen and Barlow's attempt to pursue the present case amounts to impermissible claim-splitting. Defendants also contend that Korsen and Barlow lack a viable claim against the BCBS entity defendants other than BCBSRI, and they argue that the Court cannot appropriately grant the injunctive relief that Korsen and Barlow seek. Korsen and Barlow have cross-moved for summary

4

judgment on the basis of issue preclusion, likewise relying on the decision in the Rhode Island litigation.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

1.  **Claim-splitting**

Defendants argue that the doctrine of claim preclusion bars Korsen and Barlow's claims if this Court finds that there has been a final judgment in the federal case in Rhode Island. The doctrine of claim preclusion or *res judicata* precludes parties from "'re-litigating issues that were or could have been raised in'" a previous action. . . ." *Johnson v. Cypress Hill,* 641 F.3d 867, 874 (7th Cir. 2011) (quoting *Highway J Citizens Group v. U.S. Dep't of Transportation*, 456 F.3d 734, 741 (7th Cir. 2006)). "Claim preclusion under federal law has three ingredients: a final decision in the first suit; a dispute arising from the same transaction (identified by its 'operative facts,') . . . and the same litigants (directly or through privity of interest)." *United States ex rel. Lusby v. Rolls–Royce Corp.*, 570 F.3d 849, 851 (7th Cir. 2009). As discussed earlier, the federal court in Rhode Island has not yet entered final judgment in Korsen and Barlow's case. For this reason, claim preclusion does not apply, at least not yet.

Defendants contend alternatively that Korsen and Barlow's claims are barred by the rule against claim-splitting. "[U]nlike traditional claim preclusion, the bar against claim splitting can be applied before either action reaches a final judgment on the

merits." *Anderson v. Guaranteed Rate, Inc.*, No. 13 C 431, 2013 WL 2319138, at *4 (N.D. Ill. May 28, 2013).

"[T]he federal definition of a cause of action, when combined with the rule against claim splitting, requires that a plaintiff allege in one proceeding all claims for relief arising out of a single core of operative facts, or be precluded from pursuing those claims in the future." *Shaver v. F.W. Woolworth Co.,* 840 F.2d 1361, 1365 (7th Cir. 1988). In *Shaver*, the court barred the plaintiff from bringing a breach of contract action after having brought an age discrimination suit because the two legal theories, though different, arose from the same "core of operative facts"—the liquidation of a store and subsequent layoff of the plaintiff. *Id.* In other words, the rule against claim splitting prevents a party from pursuing an action arising from events underlying prior litigation by merely offering a different legal theory to the court. *See Palka v. City of Chicago,* 662 F.3d 428, 437 (7th Cir. 2011).

This is precisely what Korsen and Barlow are doing. As discussed earlier, the set of facts that gave rise to the federal suit in Rhode Island centered on the BCBSRI's recoupment of benefits from them. That is the exact same set of facts that underlies the claims that Korsen and Barlow assert in the present case.

Korsen and Barlow maintain that they are entitled to bring suit because they remain vulnerable to violations of their notice and appeal rights under ERISA even now, as they have obtained only monetary relief from the federal court in Rhode Island. In other words, they want to pursue this case in order to obtain an injunction. That does not get them around the rule against claim-splitting. Korsen and Barlow requested injunctive relief from the court in Rhode Island, asking the court to bar BCBSRI from

recouping payments from them in the future. The fact that the Rhode Island court declined to grant or even address that particular form of relief then does not mean that Korsen and Barlow may pursue it here.

Korsen and Barlow also assert a right to pursue their case in this Court based on the fact that they have named defendants in addition to BCBSRI, the only defendant named on their Rhode Island counterclaim. But just as the adoption of a new legal theory will not salvage litigation arising from a set of facts that has already been litigated, a party may not avoid the rule against claim splitting by slightly altering the parties in subsequent actions. *Zarniecki v. City of Chicago*, 633 F.3d 545, 549 (7th Cir. 2011) ("The fact that the second lawsuit does not include Tobias as a defendant does not affect the [claim preclusion] analysis.") This Court sees no reason why Korsen and Barlow could not have added those defendants to their counterclaim in Rhode Island.

Because the rule against claim splitting bars Korsen and Barlow from asserting claims and suing parties that they already had the opportunity to pursue, defendants are entitled to summary judgment.[1] For this reason, the Court need not address defendants' motion to dismiss on the grounds that plaintiffs' claims are moot and duplicative.

**2.     Plaintiffs' motion for summary judgment**

Korsen and Barlow contend that they are entitled to summary judgment based on collateral estoppel, which precludes parties from litigating issues resolved in prior cases. See La Preferida Inc. v. Cerveceria Modelo, S.A. de C.V., 914 F.2d 900, 906 (7th

---

[1] The Court notes that once the judge in Rhode Island enters final judgment, the doctrine of claim preclusion will likewise kick in and bar Korsen and Barlow's claims here.

7

Cir.1990). They contend that the federal court in Rhode Island resolved certain issues in ways that defeat defendants' arguments in this case. But because the rule against claim splitting prohibits Korsen and Barlow from pursuing the present suit, they are not entitled to summary judgment.

## Conclusion

For the reasons stated above, the Court grants defendant's motion for summary judgment and denies plaintiffs' cross-motion. [docket nos. 759 and 791].

                                                                                               _____
                                                                                               MATTHEW F. KENNELLY
                                                                                               United States District Judge

Date: November 7, 2013

8